# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WILLIAM LITTLE AND CATHI LITTLE, | ) |
| Plaintiffs, | ) |
| v. | ) Case Number 14-CV-2163 (JEB) |
| COMMERCIAL AUDIO ASSOCIATES, INC., d/b/a INTEGRATED MEDIA SYSTEMS, | ) |
| Defendant. | ) |

**STATEMENT OF GENUINE ISSUES NECESSARY TO BE LITIGATED**

Pursuant to Local Civil Rule 7(h), Plaintiffs Dr. J. William Little and Cathi Little ("the Littles"), by and through counsel, hereby set forth the following genuine issues necessary to be litigated regarding the facts alleged in Defendant Commercial Audio Associates, Inc.'s ("CAA") Statement of Undisputed Material Facts, *see* Dkt. #6-1, at 2–3.

**RESPONSES TO NUMBERED PARAGRAPHS OF CAA'S STATEMENT**

1. On March 23, 2005, the Littles retained Commercial Audio to design and install equipment relating to a home electronics system (the "March 25, 2005 [sic] Contract"). (See, Declaration of Tom Wells, **Exhibit A**, ¶ 5.)

   **RESPONSE:** Undisputed.

2. The original amount of the March 23, 2005 Contract was $119,105.44. (See, Declaration of Tom Wells, ¶ 6.)

   **RESPONSE:** Undisputed.

3. **The scope of the March 23, 2005 Contract was changed over time through various change orders, many of which constituted new contracts. (See, Declaration of Tom Wells, ¶ 7.)**

RESPONSE: Disputed in part. It is undisputed that the scope of the March 23, 2005 Contract was changed over time through various change orders. It is disputed that "many" of the change orders referred to in Paragraph 3 "constituted new contracts." *See* Jan. 13, 2015 Decl. of J. William Little in Supp. of Pls.' Opp'n to Def.'s Mot. for Partial Summ. J. ("Little Decl.") ¶¶ 7–8; Little Decl. Exs. 1–3.

4. **Equipment requested by the Littles was ordered by Commercial Audio and work began by Commercial Audio shortly after execution by the parties. (See, Declaration of Tom Wells, ¶ 8.)**

RESPONSE: Disputed in part. It is undisputed that some equipment requested by the Littles was ordered by CAA and CAA began some work in the months following execution of contracts by the parties. This Paragraph is disputed to the extent that it may be read to imply that "all" equipment requested by the Littles was ordered by Commercial Audio in the months following execution of contracts by the parties. *See* Little Decl. ¶ 9.

5. **By March, 2009, a significant amount of equipment had been ordered, received and installed into the Littles' residence. (See, Declaration of Tom Wells, ¶ 9.)**

RESPONSE: Undisputed.

6. **During that time, a dispute arose between Commercial Audio and the Littles as to payment of monies claimed to be owing. (See, Declaration of Tom Wells, ¶ 10.)**

RESPONSE: Undisputed.

**7.     Within the three (3) years concluding November 19, 2014—the date the present action was filed—Commercial Audio accepted only two (2) payments from the Littles.  (See, Declaration of Tom Wells, ¶ 13.)**

RESPONSE:  Disputed in part.  It is undisputed that within the three years concluding November 19, 2014 CAA accepted a payment from the Littles of $11,930.20, as identified in Paragraph 8.  It is disputed that the $2,806.00 amount identified in Paragraph 8 was only one payment because that amount was two payments "in regard to two invoices in the amounts of $660.00 and $2,146.00, respectively," as stated in Paragraph 8.  *See* Little Decl. ¶ 10.

**8.     The Complaint alleges that the Littles made a payment of $11,930.20 and a payment of $660.00.  (See, Complaint, ¶¶ 20, 22.)  More correctly, the $660.00 payment was, in fact, a $2,806.00 Payment—such payment being in regard to two invoices in the amounts of $660.00 and $2,146.00, respectively.  (See, Declaration of Tom Wells, ¶ 14.)**

RESPONSE:  Disputed in part.  *See* Pls.' Response to Paragraph 7; Little Decl. ¶ 10.

**9.     The payments of $11,930.20 and $2,806.00 were the only payments accepted by Commercial Audio within the three (3) years concluding November 19, 2014.  (See, Declaration of Tom Wells, ¶ 15.)**

RESPONSE:  Disputed in part.  *See* Pls.' Response to Paragraph 7; Little Decl. ¶ 10.  $11,930.20 and $2,806.00 were the only amounts accepted by CAA from the Littles within the three years concluding November 19, 2014, but the Littles do not know whether CAA accepted payments made by entities or persons other than the Littles during that time period.  *See* Little Decl. ¶ 11.

3

Respectfully submitted,

By /s/ Thomas L. Harris
Stephen D. Raber (D.C. Bar. No. 400999)
Thomas L. Harris (D.C. Bar. No. 1000691)*
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, DC 20005
Telephone: (202) 434-5000
Facsimile: (202) 434-5029
sraber@wc.com
tharris@wc.com
(*Admission to D.D.C. pending)

*Attorneys for Plaintiffs J. William Little and Cathi Little*

Dated: January 13, 2015

4