UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WILLIAM LITTLE AND CATHI LITTLE,<br><br>　　Plaintiffs,<br><br>　　　v.<br><br>COMMERCIAL AUDIO ASSOCIATES, INC., d/b/a INTEGRATED MEDIA SYSTEMS, *et al.*,<br><br>　　Defendants. | Civil Action No. 14-2163 (JEB) |

## MEMORANDUM OPINION

Plaintiffs William and Cathi Little hired Defendant Commercial Audio Associates, Inc. to design and install a top-of-the-line electronics system in their Washington home. To that end, the parties signed a contract in 2005, in which the Littles agreed to pay Commercial Audio over $100,000 for the elaborate system that would include audio, visual, lighting, and motorized-drapery equipment. Over the next several years, Commercial Audio ordered some of the equipment and installed it in the Littles' residence, and Plaintiffs, in turn, made several payments to Defendant for its work on the project. The parties' relationship, however, eventually soured. Disputes arose over both money and alleged defects in the installed equipment; the project, in fact, still remains unfinished a decade later. Fed up with what they believe to be a sloppy and incomplete job by Defendant, Plaintiffs filed this action. They claim that Commercial Audio breached the contract, was unjustly enriched, and, as an unlicensed home-improvement contractor, is liable for the return of any advance payment.

1

Defendant now moves for partial summary judgment, arguing that the applicable statute of limitations restricts recovery on certain counts to payments totaling $14,736.20. As Plaintiffs concede the amount paid to Defendant within the relevant time period, the Court will grant the Motion as to two of the counts, but deny it in part as to another, which is not so limited temporally.

**I.     Background**

Many of the underlying facts here are not in dispute. Where they are, the Court must view them in the light most favorable to Plaintiffs, the non-moving party. On March 23, 2005, the Littles retained Commercial Audio to design and install equipment relating to a home-electronics system. See Opp., Exh. A (Statement of Genuine Issues Necessary to be Litigated) (SGI), ¶ 1. The original amount of the contract was $119,105.44, but its scope was expanded over time through various change orders. See id., ¶¶ 2-3. Shortly after the contract was executed, Defendant ordered some of the equipment requested by Plaintiffs and began design and installation work in their home. See id., ¶ 4. By March 2009, Defendant had ordered, received, and installed a significant amount of equipment for the Littles. See id., ¶ 5.

But the project did not go as Plaintiffs had hoped. They allege that Defendant did not finish the work it contracted to perform, and that the systems and equipment Commercial Audio did install failed to function properly. See Complaint, ¶ 12. Defendant denies these allegations. See Answer, ¶ 12. The bad blood between the parties extends beyond the quality of work. Over the course of Defendant's time on the project, a dispute arose as to payment of monies claimed to be owed, see SGI, ¶ 6, although most of these questioned sums are not relevant to the instant Motion. The only pertinent fact is that Plaintiffs, through separate installments, paid Defendant a total of $14,736.20 within the three years concluding November 19, 2014. See id., ¶¶ 7-9; Opp.,

Exh. B (Declaration of J. William Little), ¶ 10; Mot., Exh. A (Declaration of Tom Wells), ¶ 15. It is also relevant that Defendant acknowledges that it is not a <u>licensed</u> home-improvement contractor in the District of Columbia.  <u>See</u> Answer, ¶ 1.

Plaintiffs filed this action on November 19, 2014, alleging four counts: (I) Breach of Contract, for failing to complete the required work and for performing defective work; (II) Violation of D.C. Municipal Regulation, title 16, § 800.1, which prohibits unlicensed home-improvement contractors from requiring or accepting payments in advance of full completion of all work; (III) Violation of D.C.'s Consumer Protection Procedures Act (CPPA), which prohibits any person from violating any provision of title 16 of the D.C. Municipal Regulations; and (IV) Unjust Enrichment, for retaining benefits from defective and incomplete work and from acts contrary to the D.C. Municipal Regulations and the CPPA.  Defendant now moves for partial summary judgment on Counts II-IV.

### II.     Legal Standard

Summary judgment may be granted if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); <u>see also</u> <u>Anderson v. Liberty Lobby</u>, 477 U.S. 242, 247-48 (1986); <u>Holcomb v. Powell</u>, 433 F.3d 889, 895 (D.C. Cir. 2006).  A fact is "material" if it is capable of affecting the substantive outcome of the litigation.  <u>See</u> <u>Liberty Lobby</u>, 477 U.S. at 248; <u>Holcomb</u>, 433 F.3d at 895.  A dispute is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.  <u>See</u> <u>Scott v. Harris</u>, 550 U.S. 372, 380 (2007); <u>Liberty Lobby</u>, 477 U.S. at 248; <u>Holcomb</u>, 433 F.3d at 895.  "A party asserting that a fact cannot be or is genuinely disputed must support the assertion" by "citing to particular parts of materials in the record" or "showing that the materials cited do not establish the absence or presence of a genuine dispute,

or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

When a motion for summary judgment is under consideration, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in [its] favor." Liberty Lobby, 477 U.S. at 255; see also Mastro v. PEPCO, 447 F.3d 843, 850 (D.C. Cir. 2006); Aka v. Wash. Hosp. Ctr., 156 F.3d 1284, 1288 (D.C. Cir. 1998) (*en banc*). On a motion for summary judgment, the Court must "eschew making credibility determinations or weighing the evidence." Czekalski v. Peters, 475 F.3d 360, 363 (D.C. Cir. 2007). The nonmoving party's opposition, however, must consist of more than mere unsupported allegations or denials and must be supported by affidavits, declarations, or other competent evidence, setting forth specific facts showing that there is a genuine issue for trial. See Fed. R. Civ. P. 56(e); Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986). The nonmovant is required to provide evidence that would permit a reasonable jury to find in its favor. See Laningham v. Navy, 813 F.2d 1236, 1242 (D.C. Cir. 1987). If the nonmovant's evidence is "merely colorable" or "not significantly probative," summary judgment may be granted. See Liberty Lobby, 477 U.S. at 249-50.

**III.   Analysis**

In moving for partial summary judgment, Defendant argues that the statute of limitations for Counts II-IV is three years and that Plaintiffs' recovery thereunder should be limited to the payments made in that time period, which total $14,736.20. Plaintiffs offer two responses. First, they contend that Count IV is broad enough to encompass activities outside that period. Second, they argue that summary judgment is premature because discovery may show that Commercial Audio fraudulently concealed its status as an unlicensed contractor, thus tolling the limitations period. The Court considers the limitations and tolling issues separately.

4

A.  Statute of Limitations

Both sides agree that the District of Columbia's three-year statute of limitations governs Counts II and III – namely, the violations of 16 DCMR § 800.1 and the CPPA.  See Mot. at 3-4; Opp. at 4-5.  Under D.C. law, an action for which a period is not otherwise prescribed has a limitation of three years.  See D.C. Code § 12-301(8).  Counts II and III fall into this category.  See Murray v. Wells Fargo Home Mortg., 953 A.2d 308, 323 (D.C. 2008) ("the three-year residual statute of limitations applies to claims brought under the [CPPA]"); Woodruff v. McConkey, 524 A.2d 722, 724 (D.C. 1987) (holding that actions under 16 DCMR § 800.1 are subject to the general three-year statute of limitations).  Additionally, everyone concurs that the statute of limitations for those counts began to run when payment was either required or accepted by Commercial Audio.  See Mot. at 5; Opp. at 4-7; see also Woodruff, 524 A.2d at 724 (holding that causes of action based on 16 DCMR § 800.1 arise when payments were made).  While the parties dispute how many payments were made during the relevant three-year period, they are in agreement that the sum totals $14,736.20.  See Little Decl., ¶¶ 10-11; Wells Decl., ¶¶ 13-15.  Recovery on these two counts, consequently, is limited to this figure, unless Plaintiffs can show the statute of limitations should be tolled.  See Section III-B, *infra*.

Count IV (unjust enrichment) is a little trickier.  Neither side challenges the applicability of the same three-year statute of limitations to this cause of action.  See Mot. at 3; Opp. at 5-7; see also Bregman v. Perles, 747 F.3d 873, 876 (D.C. Cir. 2014) ("Under District of Columbia law, . . . unjust enrichment claims are subject to a three year statute of limitations.").  The critical question, however, is what this count relates to.  Commercial Audio argues that it hinges solely on the theory that Defendant unjustly enriched itself through retaining money "gained through acts contrary to" the D.C. Municipal Regulations and CPPA.  See Mot. at 6 (quoting Compl., ¶

58).  If so, Defendant logically points out, Count IV should be similarly limited to the payments totaling $14,736.20.

Plaintiffs counter that their unjust-enrichment claim is not limited to this theory; rather, it also encompasses the idea that Defendant unjustly enriched itself by being paid for work not performed.  They are correct.  Although the cause of action specifically references violations of the DCMR and CPPA, see Compl., ¶ 58, it also explicitly alleges that "by virtue of [Defendant's] acts described above, including its receipt of payments from the Littles totaling approximately $151,173.00, [Defendant] has been unjustly enriched."  Id., ¶ 57.  Those "acts described above" include the general allegations that Defendant performed incomplete and defective work.

To the extent that Count IV extends beyond violations of the DCMR and CPPA, the Court will deny partial summary judgment on that cause of action because Defendant does not argue that claims outside of violations of the DCMR and CPPA are limited to three years.  See Mot. at 4 n.1.  To the extent that the count relies on violations of the DCMR and CPPA, conversely, the Court will treat it the same as Counts II and III for purposes of this Motion.

B.  Tolling

While acknowledging that the statute of limitations may curtail their recovery here, Plaintiffs argue that the Court should not yet so decide.  The Littles request under Fed. R. Civ. P. 56(d) that Defendant's Motion be either denied or stayed because they need to seek discovery – specifically, on the question of whether Commercial Audio fraudulently concealed its "status as an unlicensed home improvement contractor."  Opp. at 4.  If they can so demonstrate, then they may be able to avoid the limitations bar.  This is because "[f]raudulent concealment . . . tolls the running of the statute of limitations."  Firestone v. Firestone, 76 F.3d 1205, 1209 (D.C. Cir.

1996).  Defendant responds that Plaintiffs have not demonstrated a need for discovery under Rule 56(d).  See Reply at 2-3.

This Rule states that a court may defer considering a motion for summary judgment, deny the motion, or allow time to obtain affidavits or declarations or to take discovery if the nonmoving party "shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition."  Fed. R. Civ. P. 56(d).  Such an affidavit must state "with sufficient particularity why additional discovery is necessary."  United States ex rel. Folliard v. Government Acquisitions, Inc., 764 F.3d 19, 26 (D.C. Cir. 2014) (citation and internal quotation marks omitted).  Specifically, the non-movant's affidavit must: (1) "outline the particular facts the non-movant intends to discover and describe why those facts are necessary to the litigation," (2) "explain why the non-movant could not produce the facts in opposition to the motion for summary judgment," and (3) "show the information is in fact discoverable."  Id. (citations and internal quotation marks omitted).

While pre-discovery grants of summary judgment are generally disfavored, Americable Int'l., Inc. v. Dep't of Navy, 129 F.3d 1271, 1274 (D.C. Cir. 1997), courts may follow that course if the necessity of discovery is not demonstrated.  See Dunning v. Quander, 508 F.3d 8 (D.C. Cir. 2007) (affirming district court's pre-discovery grant of summary judgment and denial of plaintiff's Rule 56(d) motion); Messina v. Krakower, 439 F.3d 755 (D.C. Cir. 2006) (same).  A non-movant's diligence "is not a sufficient basis, standing alone, to grant a Rule 56(d) request;" rather, his affidavit must satisfy the three requirements.  See Folliard, 764 F.3d at 27.  Courts should grant a 56(d) request "almost as a matter of course" only where "the facts giving rise to the cause of action are in the sole possession of the moving party."  Id. (discussing Convertino v. U.S. Dep't of Justice, 684 F.3d 93, 99 (D.C. Cir. 2012)).

Plaintiffs here request discovery to show that Defendant "made affirmative representations regarding licenses and permits that it held that fraudulently concealed [Defendant's] status as an unlicensed home improvement contractor." Opp. at 4. Although Plaintiffs outlined the particular facts they intend to discover and described why those facts are necessary to the litigation, the Littles failed to show why they could not now produce these facts in opposition to Defendant's Motion.

Specifically, Plaintiffs declare that they "intend to depose CAA fact witnesses . . . regarding representations (including oral representations) made by [Defendant] to the Littles that [Defendant] had obtained all required licenses." Opp., Exh. C (Declaration of Thomas Harris), ¶ 10. Although Plaintiffs claim this evidence is unavailable to them because discovery has not yet taken place, they are clearly aware right now of any representations made to them. They have shown no valid reason why they cannot produce this evidence here.

In addition, the Littles have provided no basis to believe that discovery would uncover evidence of misrepresentations. The party invoking Rule 56(d) may not simply "offer[] only a conclusory assertion without any supporting facts to justify the proposition that the discovery sought will produce the evidence required." Convertino, 684 F.3d at 100 (quoting Messina, 439 F.3d at 762); see also Messina, 439 F.3d at 762 (holding no abuse of discretion to deny Rule 56(d) request in defamation case where affidavit presented no reason to believe that defamatory letter was disseminated to any third person); Byrd v. EPA, 174 F.3d 239, 246 n.8 (D.C. Cir. 1999) (finding no abuse of discretion in denying appellant's discovery request where "Byrd merely alleged that 'there may well be knowledge on the part of EPA employees or undisclosed documents identifying additional contacts between EPA and the peer panel members,' a plainly conclusionary assertion without any supporting facts").

Plaintiffs' belief that discovery will produce relevant evidence is the same kind of conclusory assertion. Their affidavit does not offer any facts to support the proposition that discovery will actually produce evidence manifesting fraudulent concealment. Indeed, there is not even an allegation that Commercial Audio made a fraudulent misrepresentation or a statement that might possibly qualify as fraudulent. Discovery is thus unwarranted here.

### IV.  Conclusion

For the foregoing reasons, the Court will grant in part and deny in part Defendant's Motion for Partial Summary Judgment. A contemporaneous Order will so state.

*/s/ James E. Boasberg*
JAMES E. BOASBERG
United States District Judge

Date: February 27, 2015